**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION**

| | | |
|---|---|---|
| ANGEL BECKER, | : | Case No. 5:25-cv-01916-JRA |
| Plaintiff, | : | Judge John R. Adams |
| VS. | : | |
| CROWN ASSET MANAGEMENT, LLC, | : | |
| and | : | |
| LEVY & ASSOCIATES, LLC, | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS CROWN ASSET MANAGEMENT, LLC AND LEVY & ASSOCIATES, LLC**

Now come Defendants Crown Asset Management, LLC and Levy & Associates, LLC, by and through counsel, and submit the following for their Answer to the Complaint filed by Plaintiff Angel Becker.

1. Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendants are without sufficient knowledge to determine the truth or falsity of the allegations in paragraph 2 of the Complaint and for this reason Defendants deny the allegations in paragraph 2 of the complaint.

3. Defendant Crown Asset Management, LLC admits that its principal place of business is in Georgia. Defendants deny the allegation that Crown Asset Management, LLC is a "debt collector" as defined in 15 U.S.C. § 1692a(6). Defendants are without sufficient knowledge to determine the truth or falsity of the remaining allegations in

1

paragraph 3 of the Complaint and for this reason Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit that Levy & Associates, LLC is a law firm with its principal place of business in Columbus, Ohio.  Defendant Levy & Associates admits that it is engaged in the business of providing legal services in connection with debt collection activities and regularly uses the mail, telephone, and other instrumentalities of interstate commerce in furtherance of such activities.  Defendant Levy & Associates, LLC states that the issue of whether it acts a "debt collector", as defined by 15 U.S.C. § 1692a(6), is a legal conclusion based on the unique facts of each case.  Defendants are without sufficient knowledge to determine the truth or falsity of the remaining allegations in paragraph 4 of the Complaint and for this reason Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint does not contain any allegations which require admission or denial by Defendants.

6. Paragraph 6 of the Complaint does not contain any allegations which require admission or denial by Defendants.

7. Defendants admit that 15 U.S.C. § 1692k(d) gives the United States District Courts, including this Court, jurisdiction over claims brought pursuant to 15 USCS §§ 1692 et seq.  Defendants also admit that the United States District Courts, including this Court, can exercise supplemental jurisdiction over certain claims made under state law pursuant to 28 U.S.C. § 1367.  Defendants state that determination of whether these statutes give this Court jurisdiction over the claim asserted by Plaintiff involves application of the relevant statutes, which is a legal conclusion which must be made by the Court.  Defendants are without sufficient knowledge to determine the truth or

falsity of any remaining allegations in paragraph 7 of the Complaint and for this reason Defendants deny any remaining allegations in paragraph 7 of the Complaint.

8. Defendants admit that the address Plaintiff claims to reside at is located within this Court's geographical jurisdiction. Defendants deny that they committed any acts or omissions giving rise to this action. Defendants are without sufficient knowledge to determine the truth or falsity of any remaining allegations in paragraph 8 of the Complaint and for this reason Defendants deny any remaining allegations in paragraph 8 of the Complaint.

9. Defendants are without sufficient knowledge to determine the truth or falsity of the allegations in paragraph 9 of the Complaint and for this reason Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendant admits that the documents attached as Exhibits 1, 2, and 3 to the Complaint speak for themselves. All other allegations in this paragraph are denied.

11. Defendant admits that the documents attached as Exhibits 1, 2, and 3 to the Complaint speak for themselves. All other allegations in this paragraph are denied.

12. Defendant admits that the documents attached as Exhibits 1, 2, and 3 to the Complaint speak for themselves. All other allegations in this paragraph are denied.

13. Defendant admits that the documents attached as Exhibits 1, 2, and 3 to the Complaint speak for themselves. All other allegations in this paragraph are denied.

14. Defendant admits that the documents attached as Exhibits 1, 2, and 3 to the Complaint speak for themselves. All other allegations in this paragraph are denied.

15. Defendant admits that the documents attached as Exhibits 1, 2, and 3 to the Complaint speak for themselves. All other allegations in this paragraph are denied.

16. Defendants admit that on or about July 15, 2025, Defendant Crown Asset Management, LLC, through its counsel Defendant Levy & Associates, LLC, filed three separate lawsuits against Becker in Portage County Municipal Court.  Defendants are without sufficient knowledge to determine the truth or falsity of any remaining allegations in paragraph 16 of the Complaint and for this reason Defendants deny any remaining allegations in paragraph 16 of the Complaint.

17. Defendants are without sufficient knowledge to determine the truth or falsity of the allegations in paragraph 17 of the Complaint and for this reason Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants admit that the Complaints in the three Municipal Court cases made no mention of the settlement agreements reached by Plaintiff and Defendants.  Defendants deny that they attempted to conceal anything from the Portage County Municipal Court.  Defendants deny the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit that the Complaints in the three Municipal Court cases demanded judgment in amounts greater than the amounts negotiated in the settlement agreements.  Defendants are without sufficient knowledge to determine the truth or falsity of the remaining allegations in paragraph 19 of the Complaint and for this reason Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff Becker filed pro se Answers in the three Municipal Court cases.  Defendants deny that Plaintiff Becker was "forced" to file pro se answers in these cases.  Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge to determine the truth or falsity of the allegations in paragraph 22 of the Complaint and for this reason Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants are without sufficient knowledge to determine the truth or falsity of the allegations in paragraph 23 of the Complaint and for this reason Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny that Becker was "forced" to retain counsel for the three Municipal Court cases. Defendants are without sufficient knowledge to determine the truth or falsity of the allegations in paragraph 24 of the Complaint and for this reason Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit and deny each allegation in Paragraph 26 of Plaintiff's Complaint as set forth above.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant Crown Asset Management, LLC denies that it is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant Levy & Associates admits that it occasionally acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6). All other allegations in this paragraph are denied.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.
36. Defendants admit and deny each allegation in Paragraph 36 of Plaintiff's Complaint as set forth above.
37. Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.
38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.
39. Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.
40. Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.
41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.
42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.
43. Defendants admit and deny each allegation in Paragraph 43 of Plaintiff's Complaint as set forth above.
44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.
45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.
46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.
47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint. R.C. 1345.02(A) speaks for itself, and statutory interpretation constitutes a legal conclusion that must be made by the Court.
48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint. R.C. 1345.03(A) speaks for itself, and statutory interpretation constitutes a legal conclusion that must be made by the Court.
49. Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint. This paragraph contains several legal conclusions that can only be made by the Court.
50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.
51. Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendants admit and deny each allegation in Paragraph 57 of Plaintiff's Complaint as set forth above.

58. Defendants admit the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Defendants admit the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Defendants admit that Levy & Associates LLC filed three separate lawsuits against Plaintiff in the Portage County Municipal Court. Defendants deny the remaining allegations in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65. Defendants admit and deny each allegation in Paragraph 65 of Plaintiff's Complaint as set forth above.

66. Defendant Levy & Associates admits that it is a law firm and that it occasionally acts as a debt collector for its clients. Defendant Levy & Associates admits that it acted as legal counsel for Defendant Crown Asset Management, LLC in regard to Plaintiff's accounts. Defendants deny the remaining allegations in Paragraph 66 of Plaintiff's Complaint.

67. Defendants admit to the contents of the three complaints filed against Plaintiff in the Portage County Municipal Court on or about July 15, 2025. Defendants deny the remaining allegations in Paragraph 67 of Plaintiff's Complaint.

68. Defendants admit the allegations in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

### **Lack of Standing**

1. Plaintiff lacks standing to bring this action.

### **Fault of Other Parties**

2. Any violation of the law or injuries alleged by the Plaintiff were the fault of entities beyond the control of Crown Asset Management, LLC or Levy & Associates, LLC.

### **Accord and Satisfaction**

3. Plaintiff's claims are barred by the doctrine of Accord and Satisfaction.

### **Good Faith Mistake**

4. Plaintiff's claims are barred by the doctrine of Good Faith Mistake.

### **Failure of Consideration**

5. Plaintiff's claims are barred by Failure of Consideration.

### **Waiver**

6. Plaintiff's claims are barred by Waiver.

## Release

7. Plaintiff's claims are barred because Plaintiff has released Defendants from liability.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Plaintiff's requested relief denied, and Defendants should be awarded costs and fees in defending this action.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
LAW OFFICE OF BOYD W. GENTRY, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
Tel. 937.839.2881
bgentry@boydgentrylaw.com
*Counsel for All Defendants*

## Certificate of Service

I certify that the foregoing has been served by the Court's CM/ECF service and U.S. Mail service to all counsel of record on October 7, 2025.

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
